UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN LAMY,<br><br>   Plaintiff and Counterclaim Defendant<br><br>v.<br><br>BRUKER BIOSPIN CORPORATION and<br>BRUKER CORPORATION f/k/a BRUKER<br>BIOSCIENCES CORPORATION,<br><br>  Defendants and Counterclaim Plaintiffs | Civil Action No. 08-11621-JLT |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

For their Answer in this action, Defendants Bruker Biospin Corporation ("Biospin") and Bruker Corporation ("Bruker" and, with Biospin, "Defendants") hereby respond to the Complaint of Plaintiff Brian Lamy as follows:

### ANSWER

1) Defendants lack the information necessary to admit or deny Plaintiff's place of residence. Defendants state that the Complaint speaks for itself. Defendants deny the remaining allegations of Paragraph 1.

2) Defendants lack the information necessary to admit or deny the allegations of Paragraph 2.

3) Admitted.

4) Defendants admit the allegations contained in the first sentence of Paragraph 4. Defendants admit that Bruker issues a class of securities registered under Section 12 of the Exchange Act. Defendants deny the remaining allegations of Paragraph 4 as

phrased. Defendants admit that Bruker Biosciences Corporation changed its name to Bruker Corporation on February 26, 2008 and that Bruker Corporation is subject to the reporting requirements of Section 15(d) of the Exchange Act.

5)     Paragraph 5 contains conclusions of law to which no response is required.

6)     Paragraph 6 contains conclusions of law to which no response is required.

7)     Paragraph 7 contains conclusions of law to which no response is required.

8)     Defendants deny the allegations in the first sentence of Paragraph 8 as phrased. Defendants admit that Bruker is listed on the NASDAQ Global Select Markets. Defendants admit the remaining allegations of Paragraph 8.

9)     Defendants deny that Bruker operates Bruker BioSpin Securities Corporation. Defendants admit that Bruker operated Bruker BioSpin Securities Corporation; Bruker BioSpin Securities Corporation has been dissolved. Defendants deny that Bruker BioSpin MRI, Inc. owns a foreign subsidiary. Defendants deny the allegations in the last sentence of Paragraph 9 as phrased. Defendants admit that Bruker and certain of its subsidiaries are engaged in the manufacture, service and marketing of analytical instruments and life sciences systems. Defendants admit the remaining allegations of Paragraph 9.

10)     Defendants lack the information necessary to admit or deny the allegations of Paragraph 10.

11)     Defendants admit that at the time he was terminated, Lamy served as Tax Director and Vice President of BioSpin and Treasurer of Bruker Biospin Securities Corporation. Defendants deny the remaining allegations of Paragraph 11.

12)    Defendants admit that Lamy performed services for Bruker pursuant to an intercompany agreement. Defendants deny Plaintiff's characterization of those services.

13)    Defendants deny the allegations in the first sentence of Paragraph 13 as phrased. Defendants admit that Plaintiff's work was supervised by Dirk Laukien. Defendants admit the remaining allegations of Paragraph 13.

14)    Admitted.

15)    Admitted.

16)    Denied.

17)    Denied.

18)    Denied.

19)    Denied.

20)    Denied.

21)    Denied.

22)    Denied.

23)    Denied.

24)    Denied

25)    Denied.

26)    Defendants admit the allegations contained in the first sentence of Paragraph 26. Defendants deny the remaining allegations of Paragraph 26.

27)    Denied.

28)    Denied.

29)    Denied.

30)    Denied.

31)    Defendants admit that a portion of Exhibit 99.1 to Bruker Biosciences Corporation's July 31, 2007 Form 8-K states: "excluding the effects of foreign currency translation, second quarter 2007 revenue increased by 17% year-over-year." Defendants deny the remaining allegations of Paragraph 31.

32)    Defendants admit that Lamy filed a complaint with the Secretary of Labor. The complaint filed with the Secretary of Labor speaks for itself. The remaining allegations of Paragraph 32 contain conclusions of law to which no response is required.

33)    Defendants admit the allegations in the first sentence of Paragraph 33. Defendants admit Plaintiff quoted correctly a portion of Bruker's March 17, 2008 Form 10-K. Defendants deny the remaining allegations of Paragraph 33.

34)    Denied.

35)    Denied.

36)    Defendants lack the information necessary to admit or deny the allegations of Paragraph 36.

37)    Defendants admit the Secretary did not resolve the administrative Complaint within 180 days. Defendants lack the information necessary to admit or deny the remaining allegations of Paragraph 37.

## COUNT I

38)    Defendants repeat and incorporate by reference their answers to Paragraphs 1-37, above.

39)    Denied as phrased. Defendants admit that Plaintiff was such an employee.

40)    Defendants admit that Plaintiff provided services to Bruker.  Defendants deny Plaintiff's characterization of those services.  Defendants deny the remaining allegations of Paragraph 40.

41)    Paragraph 41 contains conclusions of law to which no response is required.

42)    Denied.

43)    Denied.

44)    Denied.

45)    Denied.

46)    Denied.

47)    Denied.

48)    Denied.

## COUNT II

49)    Defendants repeat and incorporate by reference their answers to Paragraphs 1-48, above.

50)    Denied.

51)    Denied.

52)    Denied.

## AFFIRMATIVE DEFENSES

**First:**  Plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second:**  Plaintiff's complaint must be dismissed due to Plaintiff's deliberate destruction and misappropriation of relevant evidence.

**Third:**  Plaintiff's complaint is barred by the doctrine of unclean hands.

**WHEREFORE**, Defendants request as follows:

1)    That the Court dismiss this action;

2)    That the Court award Defendants their costs and reasonable attorneys' fees; and

3)    That the Court grant Defendants such other and further relief as it just and reasonable.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13, counterclaim plaintiffs Bruker Biospin Corporation and Bruker Corporation assert the following Counterclaim against counterclaim defendant Brian Lamy ("Lamy"):

## PARTIES

1)    The counterclaim plaintiff Bruker Biospin Corporation ("Biospin") is a Massachusetts corporation with a usual place of business at 15 Fortune Drive, Billerica, Middlesex County, Massachusetts.

2)    The counterclaim plaintiff Bruker Corporation ("Bruker" and, with Biospin, "Counterclaim Plaintiffs") is a Delaware corporation with a usual place of business at 40 Manning Road, Billerica, Middlesex County, Massachusetts.

3)    Upon information and belief, the defendant Brian Lamy is a resident of Bedford, New Hampshire.

## FACTS

4)    From 2001 until July, 2007, Lamy was employed by BioSpin as Tax Director.

5)    In his capacity as a BioSpin employee, Lamy had access to files and documents belonging to BioSpin, Bruker and other Bruker affiliates.  Lamy was also issued a BioSpin laptop computer (the "Laptop Computer").

6)      On June 28, 2007, a Thursday, Lamy arrived at BioSpin's offices at approximately 7:00 a.m.  Security footage from BioSpin's offices shows Lamy removing boxes of files and other documents from BioSpin's offices.  In addition, Lamy removed the Laptop Computer.  Lamy left BioSpin's offices before 9:00 a.m. and did not return to work.

7)      Lamy's personal effects remained in his office.  Upon information and belief, the files and documents Lamy removed from BioSpin's offices consisted of financial and tax materials and other corporate documents of BioSpin, Bruker, other Bruker affiliates, and personal tax information and records of certain Bruker executives.

8)      Dirk Laukien ("Laukien"), Lamy's supervisor, contacted Lamy and requested that Lamy return the files, documents and the Laptop Computer.

9)      Lamy returned some of the files and documents and the Laptop Computer to the offices of Bruker's corporate counsel on July 5, 2007.  The June 28, 2007 security footage indicates Lamy removed more files and documents than he returned to Bruker's corporate counsel.  Upon information and belief, to this day, Lamy has failed and refused to return all of the files and documents that he removed on June 28, 2007.

10)     On July 10, 2007, Lamy again removed the Laptop Computer from BioSpin's offices.  He left work at approximately 1:45 p.m. and did not return that day.

11)     Lamy was terminated on July 11, 2007.

12)     In a July 11, 2007 letter to Lamy informing him of his termination (the "Termination Letter"), attached hereto as Exhibit A, Linda DeCiccio, Bruker's human resources director, requested that Lamy return the files, documents and other materials belonging to BioSpin, Bruker and other Bruker affiliates: "all Company property still in

your possession must be returned immediately.  We are aware that you still possess a …
laptop, 2004 Optics Tax binder and several other files."

13)     As of July 11, 2007, Lamy's personal effects remained in his office.  The
Termination Letter requested Lamy's instructions for their return:  "Please let us know
where to send your voluminous personal belongings."

14)     Despite repeated requests, Lamy did not return the Laptop Computer until
August 29, 2007.  A subsequent examination of the computer revealed that Lamy had
downloaded a "shredding program" on August 27, 2007 and used the program to destroy
electronic files on the Laptop Computer.

15)     Bruker's policy, contained in Section 3.9 of its January 2006 Employee
Handbook, states:  "Computers, computer files, the e-mail system and software furnished
to employees are Bruker property intended for business use."  Accordingly, Lamy
destroyed Bruker property when he used the "shredding program" to destroy files on the
Laptop Computer.  On information and belief, Lamy destroyed records pertinent to this
action.

## COUNT I

### Conversion

16)     Counterclaim Plaintiffs repeat and incorporate herein by reference the
allegations of Paragraphs 1-15 above.

17)     Lamy's conduct, as described above, in (i) removing and refusing to return
financial and tax materials and other corporate documents of BioSpin, Bruker and other
Bruker affiliates, and (ii) removing the Laptop Computer and destroying electronic files

belonging to Bruker that were contained on the Laptop Computer, constitutes wrongful conversion.

18)    Counterclaim Plaintiffs have been damaged as a direct and proximate result of Lamy's wrongful conversion.

WHEREFORE, the Plaintiffs request that the Court enter judgment as follows:

1)    Awarding Counterclaim Plaintiffs their damages in an amount to be proven at trial on Count I of the Counterclaim;

2)    Awarding Counterclaim Plaintiffs their interest, costs and attorneys' fees;

3)    Ordering the Counterclaim Defendant to return all documents and other materials belonging to BioSpin, Bruker and other Bruker affiliates in his possession to Counterclaim Plaintiffs; and

4)    Granting Counterclaim Plaintiffs such other and further relief as is just.

**JURY DEMAND**

**COUNTERCLAIM PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

> Respectfully submitted,
>
> BRUKER BIOSPIN CORPORATION and
> BRUKER CORPORATION
> By their attorneys,
>
> /s/ Joshua H. Orr_____
> Robert L. Kirby, Jr. BBO # 550538
> Email:  rkirby@nixonpeabody.com
> Joshua H. Orr BBO #661602
> Email:  jorr@nixonpeabody.com
> Nixon Peabody LLP
> 100 Summer Street
> Boston, Massachusetts  02110
> Telephone:  (617) 345-1000
> Fax:  (866) 723-0236

## CERTIFICATE OF SERVICE

I, Joshua H. Orr, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 22nd day of October, 2008.

/s/ Joshua H. Orr_____
Joshua H. Orr